FILED

DEC 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALAN VITT, Individually and on Behalf of All Others Similarly Situated, | No. 10-55941 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-07152-GW-FMO |
| v. | |
| APPLE COMPUTER, INC., a California corporation, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 6, 2011
Pasadena, California

Before: NOONAN, GOULD, and IKUTA, Circuit Judges.

Appellant Alan Vitt ("Vitt") appeals the district court's Fed. R. Civ. P.

12(b)(6) dismissal of his second amended complaint against Apple Computer Co.

("Apple") alleging violations of California consumer protection law on behalf of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

all purchasers of the iBook G4 Laptop Computer ("the iBook G4").[1]  The crux of

Vitt's contention, building on his dissatisfaction that his iBook G4 failed shortly

after his one year warranty had expired, is that the iBook G4 does not last "at least

a couple of years," which he alleges a reasonable consumer expects from a laptop.

Vitt alleges that this is because one of the solder joints on the logic board of the

iBook G4 degrades slightly each time the computer is turned on and off, eventually

causing the joint to break and the computer to stop working shortly after Apple's

one year express warranty has expired.  Vitt further alleges that Apple

affirmatively misrepresented the durability, portability, and quality of the iBook

G4 and did not disclose the alleged defect.  The district court held that Apple's

affirmative statements were non-actionable puffery, and that Apple had no duty to

disclose the alleged defect under *Daugherty v. American Honda Motor Co.*, 144

Cal. App. 4th 824 (2006).

 We affirm for substantially the reasons given by the district court, which

thoughtfully addressed the controlling issues of California law.  In a different

context we have held that to be actionable as an affirmative misrepresentation, a

---

[1] Vitt alleges violations of the California Unfair Competition Law, Cal. Bus.
& Prof. Code. § 17200 *et seq.*, the California False Advertising Law, Cal. Bus. &
Prof. Code. § 17500 *et seq.*, and the California Consumer Legal Remedies Act,
Cal. Civ. Code § 1750 *et seq.*

statement must make a "specific and measurable claim, capable of being proved false or of being reasonably interpreted as a statement of objective fact." *Coastal Abstract Serv. v. First Am. Title Ins. Co.*, 173 F.3d 725, 731 (9th Cir. 1999). California courts have also held that "mere puffing" cannot support liability under California consumer protection law. *See Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 n.3 (2003) (*citing Hauter v. Zogarts*, 14 Cal.3d 104, 111 (1975)). Vitt challenges Apple's advertising because it stated that the iBook G4 is "mobile," "durable," "portable," "rugged," "built to withstand reasonable shock," "reliable," "high performance," "high value," an "affordable choice," and an "ideal student laptop." The district court held that these statements are generalized, non-actionable puffery because they are "inherently vague and generalized terms" and "not factual representations that a given standard has been met." We agree. Even when viewed in the advertising context as Vitt urges, these statements do not claim or imply that the iBook G4's useful life will extend for "at least a couple of years." For example, to the extent that "durable" is a statement of fact it may imply in context that the iBook G4 is resistant to problems occurring because of its being dropped, but not that it will last for a duration beyond its expressed warranty.

Vitt also contends that Apple had an affirmative duty to disclose the alleged defect. The district court dismissed these claims under *Daugherty*, 144 Cal. App. 4th 824, and subsequent federal cases applying its reasoning to class actions where laptop computers failed as a result of alleged design defects. *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 969–70 (N.D. Cal. 2008), *aff'd* 322 Fed. Appx. 489 (9th Cir. 2009) (holding that there was no omission cause of action because any defects manifested after expiration of the warranty period); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1104–05 (N.D. Cal. 2007) (holding that there was no omission cause of action for alleged soldering defect in laptop computer); *Long v. Hewlett-Packard Co.*, No. 06-02816 2007 WL 2994812, at *8 (N.D. Cal. July 27, 2007), *aff'd* 316 Fed. Appx. 585 (9th Cir. 2009) ("HP is not alleged to have made any representation as to the life of [its laptop computers]. As such, a consumer's only reasonable expectation was that the [computers] would function properly for the duration of HP's limited one-year warranty. HP fulfilled this expectation."). These federal cases persuasively read *Daugherty* to hold that there is no duty to disclose that a product may fail beyond its warranty period absent an affirmative misrepresentation or a safety risk.

Vitt argues that Apple has an affirmative duty to disclose a defect because it has "exclusive knowledge of material facts not known to the plaintiff," namely that

4

the iBook G4 has a defective logic board, and it "actively concealed" that fact, relying on *LiMandri v. Judkins* 52 Cal. App. 4th 326, 336–37 (1997). But *Judkins* is a common law fraud case and, in light of our view of California law relating to consumer protection and warranties, we are not persuaded to apply the reasoning of *Judkins* to the consumer protection laws that Vitt alleges Apple has violated here. Adopting Vitt's theory would effectively extend Apple's term warranty to "at least a couple of years" based on subjective consumer expectations. *See Oestreicher*, 544 F. Supp. 2d at 971–72. We would be surprised if the California Supreme Court found such an extension in the consumer protection laws at issue here. *See Seely v. White Motor Co.*, 63 Cal.2d 9, 18 (1965) ("[A consumer can] be fairly charged with the risk that the product will not match his economic expectations unless the manufacturer agrees that it will."). We agree with the district court that Apple was under no duty to disclose the alleged defect in its iBook G4s.

Vitt's argument that Apple's express warranty is procedurally and substantially unconscionable because it is an exculpatory contract that has the effect of "releasing [Apple] from responsibility for its own fraud" is without merit.

**AFFIRMED.**